1   Robert A. Bailey (# 214688)
      rbailey@afrct.com
2   Kenneth A. Franklin (# 143809)
      kfranklin@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764

6

7   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor
    by merger with Wells Fargo Bank
8   Southwest, N.A., f/k/a Wachovia Mortgage,
    FSB, f/k/a World Savings Bank, FSB
9   (erroneously named as Wells Fargo Home
    Mortgage, Inc.) ("Wells Fargo")

10

11                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA
12

13

14   MANOJ RIJHWANI and LISA RIJHWANI,     CASE NO.:  3:13-CV-05881-LB

                   Plaintiffs,             [The Honorable Laurel Beeler]
15

16        v.                              **DEFENDANT WELLS FARGO BANK,
                                          N.A.'S MOTION TO DISMISS SECOND
     WELLS FARGO HOME MORTGAGE, INC.,     AMENDED COMPLAINT PURSUANT TO
17   a division of WELLS FARGO BANK, N.A., a   F.R.C.P. RULE 12(b)(6)**
     National Association, and DOES 1 through
18   100, inclusive,
                                          Date:       February 20, 2014
19                 Defendant.             Time:       9:30 a.m.
                                          Ctrm:       C, 15th Floor
20

21

22   **TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

23        **PLEASE TAKE NOTICE** that on February 20, 2014, at 9:30 a.m. in courtroom C, 15th

24   floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA

25   94102, the Honorable Laurel Beeler presiding, defendant Wells Fargo Bank, N.A., successor by

26   merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB

27   and formerly known as World Savings Bank, FSB (erroneously named as Wells Fargo Home

28   Mortgage, Inc.) ("Wells Fargo"), will move to dismiss all claims in the second amended

*Vertical left margin:* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    complaint, pursuant to F.R.C.P. Rule 12(b)(6).

2        Grounds for the motion are as follows:

3    **1.    First Claim:  Violation of the Homeowners' Bill of Rights**

4        Plaintiffs fail to state a claim because:  (i) the Homeowners' Bill of Rights ("HBOR") is

5    preempted by the Home Owners' Loan Act ("HOLA"); and (ii) HBOR applies only to first deeds

6    of trust and plaintiffs' claim relates to the second deed of trust.

7        **2.    Second Claim:  Promissory Estoppel**

8        Plaintiffs fail to state a claim because:  (i) plaintiffs have failed to allege a clear,

9    unambiguous promise, reliance on the promise, or any harm arising therefrom; (ii) the claim is

10   barred by the statue of frauds; and (iii) the claim is preempted by HOLA.

11   **3.    Third Claim:  Negligence**

12       Plaintiffs fail to state a claim because:  (i) no facts are alleged giving rise to a duty of care

13   on the part of defendant; and (ii) the claim is preempted by HOLA.

14       The motion to dismiss is based upon this notice, the memorandum of points and

15   authorities, the second amended complaint, the pleadings on file with the Court, the

16   accompanying request for judicial notice, and on Wells Fargo's argument at the hearing.

17

18                                    Respectfully submitted,

19   Dated:  January 9, 2014            ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP

20

21                                    By:   /s/ Kenneth A. Franklin
22                                        Kenneth A. Franklin
                                          kfranklin@afrct.com
23                                    Attorneys for Defendant
                                      WELLS FARGO BANK, N.A., successor by
24                                    merger with Wells Fargo Bank Southwest, N.A.,
                                      f/k/a Wachovia Mortgage, FSB, f/k/a World
25                                    Savings Bank, FSB (erroneously named as Wells
                                      Fargo Home Mortgage, Inc.) ("Wells Fargo")

26

27

28

_ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP_

# TABLE OF CONTENTS

Page

1.   INTRODUCTION ................................................................................................1

2.   SUMMARY OF JUDICIALLY NOTICEABLE FACTS  AND THE SECOND
     AMENDED COMPLAINT ...................................................................................1

     A.   The Loan And Foreclosure ........................................................................1

     B.   The Second Amended Complaint ..............................................................2

3.   PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE  HOME OWNERS'
     LOAN ACT ("HOLA") ........................................................................................2

     A.   Plaintiffs' Claim Alleging A HBOR Violation Is Preempted By HOLA
          (First Claim For Relief) ............................................................................4

     B.   Each Of Plaintiffs' Other Claims are Preempted (Second and Third
          Claims)......................................................................................................8

4.   WELLS FARGO IS IN COMPLIANCE WITH THE NATIONAL MORTGAGE
     SETTLEMENT AND IS THEREFORE PROTECTED UNDER THE SAFE
     HARBOR PROVISIONS OF CIVIL CODE § 2924.12  AGAINST
     PLAINTIFFS' HBOR CLAIM ...........................................................................10

5.   PLAINTIFFS' HBOR CLAIM FAILS (FIRST CLAIM) .................................10

     A.   The HBOR Does Not Apply To A Junior Lien Foreclosure ..................10

     B.   The HBOR Is Not Retroactive And Plaintiffs' Claims Occurred Prior To
          The Effective Date ..................................................................................11

6.   PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM FAILS (SECOND CLAIM) .........11

     A.   Plaintiffs Have Failed To Plead Any Of The Elements Of Promissory
          Estoppel...................................................................................................11

     B.   The Promissory Estoppel Claim is Barred by the Statute of Frauds....................14

7.   THE CLAIM FOR NEGLIGENCE FAILS (THIRD CLAIM)........................14

8.   CONCLUSION..................................................................................................18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Argueta v. J.P. Morgan Chase,*
    2011 U.S. Dist. LEXIS 70756, at ** 14-16 (E.D. Cal. June 30, 2011) ...................................16

*Biggins v. Wells Fargo & Co.,*
    266 F.R.D. 399 (N.D. Cal. July 27, 2009) ..................................................................................8

*Cabanillas v. Wachovia Mortg.*
    2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) ......................................................12

*Coppes v. Wachovia Mortg. Corp.,*
    2011 U.S. Dist. LEXIS 42061 (E.D. Cal. Apr. 13, 2011)..........................................................17

*De Ferguson v. Wachovia Mortgage, FSB,*
    2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012) .............................................................6

*DeLeon v. Wells Fargo Bank, N.A.,*
    2010 U.S. Dist. LEXIS 112941, at ** 9-12 (N.D. Cal. Oct. 22, 2010) ...................................17

*DeLeon v. Wells Fargo Bank, N.A.,*
    729 F. Supp. 2d 1119 (N.D. Cal. 2010) ..............................................................................2, 9

*Dooms v. Fed. Home Loan Mortg. Corp.,*
    2011 U.S. Dist. LEXIS 38550 at ** 24-25 (E.D. Cal. Mar. 30, 2011) ...................................16

*Giordano v. Wachovia Mortg., FSB,*
    2010 WL 5148428 (N.D. Cal. Dec. 14, 2010)...........................................................................6

*Gorton v. Wells Fargo Bank N.A,*
    2013 U.S. Dist. LEXIS 86006 (C.D. Cal. June 3, 2013) ............................................................4

*Guerrero v. Wells Fargo Bank, N.A.,*
    2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)......................................................2, 8

*Guglielmelli v. Wells Fargo Bank, N.A.,*
    2013 U.S. Dist. LEXIS 43063 ................................................................................................11

*Ibarra v. Loan City,*
    2010 U.S. Dist. LEXIS 6583 (S.D. Cal. Jan. 27, 2010).............................................................9

*In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.,*
    491 F. 3d 638 (7th Cir. 2007) ..................................................................................................3

*Javaheri v JP Morgan Chase Bank, N.A.,*
    2012 U.S. Dist. LEXIS 114510 (C.D. Cal. July 2012) ..............................................................6

*Kaplan v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013) ........................................4

*Marquez v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) ............................2, 3, 4

*McGough v. Wells Fargo Bank, N.A.,*
  2012 U.S. Dist. LEXIS 151737 (N.D. Cal. Oct. 22, 2012).........................11, 12, 13

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A., et al.,*
  2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. Mar. 25, 2013).....................11

*Murillo v. Aurora Loan Servs., LLC,*
  2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009) ........................................6

*Nong v. Wells Fargo Bank, N.A., et al.,*
  2010 U.S. Dist. LEXIS 136464 at **8-10 (C.D. Cal. Dec. 6, 2011) ................13, 14

*Odinma v. Aurora Loan Servs.,*
  2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010) ........................................6

*Omega v. Wells Fargo & Co.,*
  2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011) ....................................3

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.,*
  749 F. Supp. 2d 1022 (N.D. Cal. 2010) ..................................................................6

*Pratap v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 142429 (N.D. Cal. Oct. 1, 2013).....................................2, 3

*Resolution Trust Corp. v. BVS Dev.,*
  42 F.3d 1206 (9th Cir. 1994) ................................................................................15

*Silvas v. E*Trade Mortg. Corp.,*
  514 F.3d 1001 (9th Cir. 2008) ................................................................................3

*Snyder v. Wachovia Mortg.,*
  2010 U.S. Dist. LEXIS 68956 (E.D. Cal. July 9, 2010) ..........................................9

*Stefan v. Wachovia, World Savings,*
  2009 U.S. Dist. LEXIS 113480 (N.D. Cal. Dec. 7, 2009) ........................................9

*Stephens v. World Savings Bank,*
  2013 U.S. Dist. LEXIS 24763 (N. D. Cal. Feb. 22, 2013) .....................................11

*Taguinod v. World Sav. Bank,*
  2010 U.S. Dist. LEXIS 127677 (C.D. Cal. Dec. 2, 2010) .....................................3, 6

*Terrazas v. Wells Fargo Bank, N.A.*
  (S.D. Cal., Oct. 24, 2013, 13-CV-00133-BEN-MDD) 2013 WL 5774120 ..............3

*Winterbower v. Wells Fargo Bank ,N.A.*,
 2013 U.S. Dist. LEXIS 44087, at **10-11 ( ).........................................................10

*Zarif v. Wells Fargo Bank, N.A.*,
 2011 U.S. Dist. LEXIS 29867 (S.D. Cal. Mar. 23, 2011, Hayes, J.)...........................8

**STATE CASES**

*Bily v. Arthur Young & Co.*,
 3 Cal. 4th 370 (1992) ............................................................................................14

*Eddy v. Sharp*,
 199 Cal. App. 3d 858 (1988) ................................................................................14

*Hellbaum v. Lytton Sav. and Loan Ass'n of N. Cal*,
 274 Cal. App. 3d 456 (1969) ...........................................................................15, 16

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
 60 Cal. App. 3d 885 (1976) ...................................................................................11

*LiMandri v. Judkins*,
 52 Cal. App. 4th 326 (1997) ..................................................................................15

*Mabry v. Superior Court*,
 185 Cal. App. 4th 208 (2010) ........................................................................6, 7, 15

*Nguyen v. Calhoun*,
 105 Cal. App. 4th 428 (2003) ................................................................................14

*Nymark v. Heart Fed. Savs. & Loan Ass'n*,
 231 Cal. App. 3d 1089 (1991) ..........................................................................15, 17

*Perlas v. GMAC Mortgage, LLC*,
 187 Cal. App. 4th 429 (2010) ................................................................................15

*Raedeke v. Gibraltar Sav. & Loan Assn.*,
 10 Cal. 3d 665 (1974) ............................................................................................14

*Sacramento Sav. & Loan Ass'n v. Super. Ct.*,
 137 Cal. App. 3d 142 (1982) ................................................................................15

*Seacrest v. Security National Mortgage Loan Trust 2002-2*,
 167 Cal. App. 4th 544 (2008) ................................................................................14

*Smith v. City & County of San Francisco*,
 225 Cal. App. 3d 38 (1990) ...................................................................................13

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,
 49 Cal. App. 4th 472 (1996) ..................................................................................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

iv

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Vlat v. University of So. California,*
   5 Cal. App. 3d 935 (1970) ...........................................................................14

*Wagner v. Benson,*
   101 Cal. App. 3d 1089 (1980) ....................................................................15

*Weiss v. Washington Mutual Bank,*
   147 Cal. App. 4th 72 (2007) .........................................................................9

*Wellenkamp v. Bank of Am.,*
   21 Cal. 3d 943 (1978) .................................................................................15

*Williams v. Fassler,*
   110 Cal. App. 3d 7 .....................................................................................15

**STATE STATUTES**

Cal. Civ. Code § 1698 ......................................................................................14

Cal. Civ. Code § 2923.5 .............................................................................. passim

Cal. Civ. Code § 2923.6 ..................................................................4, 7, 8, 10, 11

Cal. Civ. Code § 2923.55 ........................................................................4, 7, 10, 11

Cal. Civ. Code § 2923.7 ..........................................................................4, 7, 10

Cal. Civ. Code § 2924.9 ................................................................................7, 10

Cal. Civ. Code § 2924.10 ..............................................................................7, 10

Cal. Civ. Code § 2924.11 ..............................................................................7, 10

Cal. Civ. Code § 2924.12 ..............................................................................7, 10

Cal. Civ. Code § 2924.12(b) ...............................................................................7

Cal. Civ. Code § 2924.12(g) .............................................................................10

Cal. Civ. Code § 2924.12(i) ........................................................................1, 2, 8

Cal. Civ Code § 2924.15 ...................................................................................10

Cal. Civ. Code § 2924.15(a) .............................................................................10

Cal. Civ.Code § 2924.17 .....................................................................................7

Cal. Civ. Code § 2924.17(c) ................................................................................8

Cal. Civ. Code § 2924.18 ..................................................................................10

Cal. Civ.Code § 2924.19 ......................................................................................7

Cal. Civ. Code § 2924.19(b) .................................................................................7

Cal. Civ. Code § 3281 ..........................................................................................7

**REGULATIONS**

12 C.F.R. § 560.2 .................................................................................................3

12 C.F.R. § 560.2(a) ............................................................................................3

12 C.F.R. § 560.2(b) .........................................................................................3, 9

12 C.F.R. §§ 560.2(b)(4) .....................................................................................8

12 C.F.R. § 560.2 (b)(10) ...........................................................................4, 6, 8, 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.   INTRODUCTION

Plaintiffs borrowed money from World Saving Bank, FSB ("World Savings"), now Wells Fargo Bank, N.A. ("Wells Fargo") in 2007, secured by a second deed of trust on real property located in Foster City, California.  Plaintiffs defaulted and Wells Fargo commenced non-judicial foreclosure proceedings on February 28, 2012.  The property was sold to a third party on March 15, 2013.  Plaintiffs seek damages based on the claim that Wells Fargo promised not to foreclose unless it was unable to reach an agreement with plaintiffs on a modification of their loan and that Wells Fargo violated the Homeowners' Bill of Rights ("HBOR").  There is no factual or legal justification for any of plaintiffs' claims.

## 2.   SUMMARY OF JUDICIALLY NOTICEABLE FACTS AND THE SECOND AMENDED COMPLAINT

**A.     THE LOAN AND FORECLOSURE**

On or about July 11, 2007, plaintiffs obtained an equity line of credit (the "ELOC") from World Savings Bank, FSB ("World Savings.")  (SAC ¶ 11.)  The ELOC was secured by a deed of trust encumbering the property located at 1044 Rudder Lane, Foster City, California (the "Property").  (A true and correct copy of the Deed of Trust recorded July 11, 2007 is attached to the Request for Judicial Notice ("RJN") as Exh. A.; SAC ¶ 11.)  The ELOC was a second lien on the Property.  (SAC ¶¶ 13 and 14.)

World Savings changed its name to Wachovia Mortgage, FSB.  In November of 2009, Wachovia Mortgage, FSB, changed its name again, to Wells Fargo Bank Southwest, N.A. before merging into Wells Fargo Bank, N.A.  (RJN, Exs. B, C, D and E are copies of the letters and certificates issued or signed by the Office of Thrift Supervision (the "OTS") or Comptroller of the Currency acknowledging the original federal savings bank charter of World Savings, authorizing the name change to Wachovia Mortgage, FSB, and approving the merger with Wells Fargo; RJN, Exh. F is an FDIC printout providing the history of World Savings through the merger.)

Plaintiffs were in default on the ELOC in 2011.  (SAC ¶¶ 13 and 14.)  A Notice of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Default was recorded on February 28, 2012.  (RJN, Exh. G.)  A Notice of Sale was recorded on

2   May 30, 2012.  (RJN, Exh. H.)  The Property was sold to a third party, not named in these

3   proceedings, on or about March 1, 2013.  (RJN, Exh. I.)

4   **B.      THE SECOND AMENDED COMPLAINT**

5           The second amended complaint admits the ELOC was a second deed of trust and admits

6   plaintiffs' default.  (SAC ¶¶ 11-13.)  The pleading is framed in three causes of action which can

7   be summarized as follows:

8   •   Violation of the Homeowners' Bill of Rights ("HBOR"):  Plaintiffs allege that

9       Wells Fargo violated the HBOR by "Dual Tracking" and not appointing a "Single

10      Point of Contact."  (SAC ¶ 49.)

11  •   Promissory Estoppel:  Plaintiffs allege that Wells Fargo promised that it would

12      submit plaintiffs' HAMP application for a loan modification, that a loan

13      modification was forthcoming and that Wells Fargo would not foreclose.  (SAC

14      ¶ 52.)

15  •   Negligence:  Plaintiffs allege a duty to act reasonably with respect to plaintiffs'

16      loan modification review and that the duty was breached when Wells Fargo did

17      not modify their loan.  (SAC ¶ 69.)

18          **3.      PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE**

19              **HOME OWNERS' LOAN ACT ("HOLA")**

20          At the ELOC's origination, World Savings was a federal savings bank regulated by the

21  Office of Thrift Supervision ("OTS").  (RJN, Exhs. B-F.)  World Savings merged with Wells

22  Fargo Bank, N.A. effective November 1, 2009.[1]  (*Id.*)

23  _____

24  [1] HOLA still applies even though Wells Fargo Bank, N.A. is no longer chartered as a federal
    savings bank.  *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal.

25  Sept. 13, 2013); *Pratap v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 142429 (Oct. 1,
    2013); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126, (N.D. Cal. 2010) ("Wells

26  Fargo notes that at the time the loan was made to the *DeLeons* [plaintiffs], 'World Savings Bank,
    FSB was a federally chartered savings bank organized and operating under HOLA and observes

27  correctly that the same preemption analysis would apply to any alleged misconduct after
    November 1, 2009, when the lender merged into a national savings banking association.);

28  *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)
    ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

"Through HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad authority to issue regulations governing thrifts. . . . As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).  Section 560.2 reads, *inter alia*:

> OTS hereby occupies the entire field of lending regulation for federal savings associations.  OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation.
> 12 C.F.R. § 560.2(a).

> Section 560.2(b) lists specific types of state laws that are preempted.  The list includes state laws that purport to impose requirements regarding:

> (4)     The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan…

> (10)     Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages…  12 C.F.R. § 560.2(b).

In *Silvas*, the Ninth Circuit set forth the analysis to follow to determine whether a state law is preempted.  First, a court should determine whether, as applied, the law is the type of law listed in Section 560.2(b).  If it is, the analysis ends, and the law is preempted.  *See, Silvas*, 514 F. 3d at 1005 (quoting OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).  If the law in question, as applied, is not listed in Section 560.2(b), a court should determine whether the law affects lending.  If the answer is yes, then, pursuant to Section 560.2(a), a presumption arises that the law is preempted.  *Id.; see, Omega v. Wells Fargo & Co.*, 2011 U.S. Dist. LEXIS 103928, at \*13 (N.D. Cal. Sept. 14, 2011).

Plaintiffs' claims all relate to Wells Fargo's failure to modify their ELOC or the alleged

---

savings bank, it is proper to apply preemption under HOLA."); *In re Ocwen  Loan Servicing, LLC Mortg. Servicing Litig.*, 491 F. 3d 638, 642 (7th Cir. 2007) (defendant could rely on the HOLA preemption defense, although it had given up its federal thrift charter, because it was a federal savings association when the loan was made.); *Taguinod v. World Sav. Bank*, 2010 U.S. Dist. LEXIS 127677, \*19-20 (C.D. Cal. Dec. 2, 2010) (HOLA preemption applied to claim which arose after Wachovia merged into Wells Fargo Bank, N.A.); *Terrazas v. Wells Fargo Bank, N.A.* (S.D. Cal., Oct. 24, 2013, 13-CV-00133-BEN-MDD) 2013 WL 5774120, at \*3; *Pratrap v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 142429 (Oct. 1, 2013); *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    violation of HBOR and hence are all preempted.

2    **A.    PLAINTIFFS' CLAIM ALLEGING A HBOR VIOLATION IS PREEMPTED BY**

3    **HOLA (FIRST CLAIM FOR RELIEF)**

4    Plaintiffs' first claim for relief alleges a HBOR violation, specifically a violation of Civil

5    Code § 2923.6.  (SAC ¶¶ 40-49.)  HBOR is codified generally in Civil Code Sections 2923.5,

6    2923.55, 2923.6, 2923.7, 2924.11.

7    HBOR sets forth detailed obligations and restrictions on Wells Fargo's loan servicing.

8    *See generally*, *Civil Code* sections, 2923.5, 2923.55, 2923.6, 2923.7, 2924.11.  These obligations

9    under HBOR are preempted by 12 C.F.R. § 560.2 (b)(10).  In addressing HOLA preemption of

10   HBOR claims the Court in *Gorton v. Wells Fargo Bank  N.A*, 2013 U.S. Dist. LEXIS 86006, *11

11   (Judge Selna, June 3, 2013, D. Cal. 2013) ruled:

12   > Plaintiff's HBOR claim is based solely on communications regarding and
13   > actions or omissions related to either Plaintiff's application for loan
     > modification, Wells Fargo's denial of that application, or Plaintiff's appeal
     > of the denial.  (¶¶ 41-48.)  Thus, the Court concludes that it falls within the
14   > preemptive scope of § 560.2(b)(4), which applies to "state laws purporting
     > to impose requirements regarding . . . (4) the terms of credit, . . . including
15   > the circumstances under which a loan may be called due and payable upon
     > the passage of time or a specified event external to the loan." *Id*.
16   > Moreover, were it not within these confines, the Court would have no
     > difficulty concluding that the law "affects lending" and that it is not
17   > otherwise saved from preemption by any subsection (c) category.  Thus,
     > plaintiff's second cause of action is preempted by HOLA, and the Court
18   > grants the Motion to Dismiss plaintiff's HBOR claim.

19   The Court in *Kaplan v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 109023, *8-9

20   (Judge Fees, C.D. July 30, 2013) reached the same conclusion holding:

21   > Here, Plaintiffs' claims for fraudulent misrepresentation, promissory
     > estoppel, negligent misrepresentation, and violation  [*9] of the HBOR all
22   > arise out of Defendants' alleged representation that they would "review
     > plaintiffs for [the Home Affordable Modification Program ('HAMP')]" and
23   > their subsequent failure to do so. (FAC ¶¶ 120, 135-137, 147.) Each of
     > these claims is therefore premised on Defendants' alleged misconduct in
24   > "[p]rocessing, originat[ing], servicing . . . or participati[ng] in,
     > mortgages"--activities *subsection (b)* explicitly identifies as subject to
25   > HOLA preemption. *12 C.F.R. § 560.2(b)*.

26   In *Marquez v. Wells Fargo Bank, N.A*., 2013 U.S. Dist. LEXIS 131364, 13-17 (N.D. Cal.

27   Sept. 13, 2013) the Court likewise ruled:

28   > The court finds that the first through fourth causes of action, which allege
     > various violations of the HBOR, are preempted by HOLA. In the first

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

cause of action, plaintiffs assert that they were "available to meet with mortgagee, trustee, beneficiary, or authorized agent to explore available options to avoid foreclosure[,]" but that despite this "availability," defendants "failed to attempt to contact" them in order to comply with the requirements of Civil Code § 2923.55(b)(2). See Cplt ¶¶ 26-30. Claims for violation of Civil Code § 2923.5 (the predecessor of § 2923.55) are preempted by HOLA because they fall "squarely within the scope of HOLA's Section 560.2(b)(10)." *Taguinod v. World Sav. Bank, FSB, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (citing cases).*

In the second cause of action, plaintiffs allege that defendants filed the Notice of Default without first making a written determination that plaintiffs were not eligible for a loan modification, or that plaintiffs were offered a loan modification but rejected it, or that plaintiffs accepted a loan modification but defaulted on the new loan, in violation of Civil Code § 2923.6. Cplt ¶¶ 36-40. Courts have found that claims for violations of § 2923.6 are preempted by HOLA. *See, Sato v. Wachovia Mortg., FSB,* 2011 U.S. Dist. LEXIS 75418, 2011 WL 2784567 at *7 (N.D. Cal. Jul. 13, 2011) [*15] (claim that lender violated California Civil Code § 2923.6 by failing to modify her loan preempted by HOLA under provisions for "processing, origination, sale or purchase of . . . mortgages" and "terms of credit").n1

In the third cause of action, plaintiffs assert that "although they have asked to be reviewed for alternatives to foreclosure, they have never been assigned a 'single point of contact' to provide them assistance in applying for potential foreclosure alternatives," as required by Civil Code § 2923.7. Thus, they allege, they have in effect never been given a meaningful opportunity to apply for, and receive, a loan modification offer. Cplt ¶¶ 43-46. The court finds that this cause of action is preempted by HOLA, as it imposes requirements on "processing" or "servicing" of mortgages, or on the "terms of credit," and also seeks to impose an obligation that affects lending. It is further preempted to the extent that plaintiffs allege that Wells Fargo was [*16] required to offer a loan modification. *See, e.g., Gabali v. OneWest Bank, FSB,* 2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 at *10 (N.D. Cal. March 29, 2013).

In the fourth cause of action, plaintiffs allege that the declaration attached to the Notice of Default falsely stated that defendants had complied with the "due diligence" requirements of Civil Code § 2923.55 prior to filing the Notice of Default. Plaintiffs assert that this failure to contact them violated Civil Code § 2924.17. Section 2924.17 prohibits the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose. Plaintiffs do not allege that Wells Fargo engaged in "robo-signing." Rather, this claim relates back to the first cause of action for violation of § 2923.55. The court finds that this cause of action is preempted by HOLA, as it imposes requirements on the "processing" and "servicing" of mortgages.n2

While there are few other decisions under the new HBOR, prior to HBOR most district courts concluded state law attempts to regulate the loan servicing process were preempted. For example, in ruling on prior Civil Code § 2923.5 (the statute most analogous to HBOR, which

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   sets forth specific contact requirement pre-foreclosure ) the district courts repeatedly found it to

2   be preempted by HOLA, both before and after *Mabry v. Superior Court*, 185 Cal. App. 4th 208

3   (2010).  One of the numerous pre-*Mabry* decisions was *Murillo v. Aurora Loan Servs., LLC,*

4   2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009), where the court dismissed a § 2923.5

5   claim, with prejudice, that alleged "Defendants failed to properly file a declaration with their

6   notice of default."  The district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns

7   the processing and servicing of Plaintiffs' mortgage.  As such, the Court finds that Plaintiffs'

8   § 2923.5 claim is preempted under HOLA." *Murillo*, 2009 U.S. Dist. LEXIS 61791, at *11.

9   Several district courts have relied on *Murillo*.  In *Odinma v. Aurora Loan Servs.*, 2010

10   U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010), the plaintiffs alleged that their lender

11   violated Civil Code § 2923.5 by failing to provide proper notices before initiating the foreclosure

12   process.  The court held that a § 2923.5 claim "concerns the processing and servicing of

13   Plaintiff's mortgage and is therefore preempted by HOLA." *Odinma*, 2010 U.S. Dist. LEXIS

14   28347, at *23.

15   In *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A*., 749 F. Supp. 2d 1022 (N.D. Cal. 2010),

16   the court relied in part on *Murillo* to find Section 2923.5 to be preempted even after *Mabry.  Id*.

17   at 1032-33 (listing the federal district court decisions concluding that Section 2923.5 is

18   preempted because the state law deals with contacting the borrower and requires a specific

19   declaration in the Notice of Default such that it falls squarely within the scope of HOLA's

20   Section 560.2(b)(10)).  *See also, Giordano v. Wachovia Mortg*., *FSB,* 2010 WL 5148428, at *13

21   (N.D. Cal. Dec. 14, 2010), *Taguinod v. World Savings Bank*, 2010 U.S. Dist. LEXIS 127677, at

22   **19-20 (C.D. Cal. 2010) (holding 2923.5 to be preempted by HOLA despite *Mabry*); *Javaheri v

23   JP Morgan Chase Bank, N.A*., 2012 U.S. Dist. LEXIS 114510 (C.D. July 2012); *De Ferguson v.

24   Wachovia Mortgage, FSB,* 2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012)

25   (overwhelming weight of authority has held that a Section 2923.5 claim is preempted by HOLA).

26   Given the additional remedies now available to borrowers for alleged violations of the

27   HBOR, a finding of preemption by HOLA is warranted not only by the many previous decisions

28   by the district courts with respect to § 2923.5, but also by the very holding in *Mabry*, 185 Cal.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

App. 4th at 226-232.  Prior to January 1, 2013, the only remedy available for a violation of the non-judicial foreclosure laws codified under Civil Code § 2923.5 was equitable relief (*i.e.*, an order enjoining the foreclosure sale).  There was no right to, for example, a loan modification or monetary damages.  *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA because it was limited to affording borrowers only more time when lenders do not comply with the statute.  *Id*. at 226 ("A remarkable aspect of section 2923.5 is that it appears to have been carefully drafted to avoid bumping into federal law, precisely because it is limited to affording borrowers only more time when lenders do not comply with the statute.").  More specifically, the *Mabry* court stated "[w]e emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by federal banking regulations because it is, or can be construed to be, very narrow."  *Id*. at 231 (emphasis in original).

Considering the substantial additional remedies now available for violation of the HBOR, a narrow interpretation cannot possibly save the statute from preemption.  *See,* Civil Code §§ 2924.12, 2924.17 and 2924.19.  These new remedies are quite unlike the limited relief available under the previous § 2923.5.  For example, Civil Code § 2924.12(b) provides for the imposition of monetary damages against a lender or servicer.

A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.  If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).  Civ. Code § 2924.12(b); *see also*, Civ. Code § 2924.19(b) (a violation of § 2924.17, if not "corrected and remedied prior to the recordation of the trustee's deed upon sale" may result in an "award [to] the borrower the greater of treble actual damages or statutory damages of fifty

thousand dollars ($50,000).").

Even the government may now seek to impose civil penalties, up to $7,500 per mortgage, against a lender for "multiple and repeated uncorrected violations."  Civ. Code § 2924.17(c). Additionally, a lender may now be required to pay attorney's fees to a borrower who merely obtained injunctive relief in an action brought to enforce § 2923.6.  Civ. Code § 2924.12(i).

Since the remedies that can be imposed for violation of the HBOR exceed a "simple postponement," it cannot escape preemption under HOLA.  Thus, the newly enacted statute, HBOR is preempted under federal law and cannot impose any affirmative obligations on Wells Fargo.  Since plaintiffs' first claims is based upon HBOR, it should be dismissed with prejudice.

## B.   EACH OF PLAINTIFFS' OTHER CLAIMS ARE PREEMPTED (SECOND AND THIRD CLAIMS)

Plaintiffs' second claim expressly relates to a failed loan modification.  (SAC ¶ 52.) Likewise, plaintiffs' third claim also relates to a failed loan modification and the foreclosure. (SAC ¶¶ 58, 59 and 61.)

These claims relate to servicing and are therfore preempted.  The case law readily applies HOLA to the servicing claims made by plaintiffs, regardless of the precise name a plaintiff attaches to them.  For example, there is no scarcity of authority holding that allegations arising from loan modification negotiations are preempted by §§ 560.2(b)(4) and (10).  In *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. July 27, 2009, White, J.), the borrower's UCL claim was preempted to the extent it was premised on the contention that the lender refused to engage in good faith modification discussions.  Because this allegation directly related to the duties that lenders and loan servicers may owe the borrower, the court found that the "servicing" prong of § 560.2(b)(10) was triggered.  *See also, Zarif v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 29867, *8 (S.D. Cal. Mar. 23, 2011, Hayes, J.) ("each of Plaintiffs' claims specifically challenge the processing of Plaintiffs' loan modification application and servicing of Plaintiffs' mortgage, and fall within the specific types of preempted state laws listed in § 560.2(b)(4) & (10)."); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *8 (C.D. Cal. Sept. 14, 2010, Fairbank, J.) (claim that bank wrongfully foreclosed during the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   modification process was preempted by § 560.2(b)(10); *Snyder v. Wachovia Mortg.*, 2010 U.S.

2   Dist. LEXIS 68956, *24 (E.D. Cal. July 9, 2010, O'Neill, J.) (claims based on failure to extend a

3   modification is preempted by (b)(4) and (b)(10)); *Ibarra v. Loan City*, 2010 U.S. Dist. LEXIS

4   6583, *17 (S.D. Cal. Jan. 27, 2010, Gonzalez, J.) (ultimate "failure to extend loan modification

5   assistance" is preempted); *DeLeon v. Wells Fargo Bank*, N.A., 729 F. Supp. 2d 1119, 1127 (N.D.

6   Cal. June 9, 2010, Fogel, J.) (allegation that plaintiff received false encouragement during loan

7   modification process was preempted).

8         In addition, there is ample authority relating to preemption of state claims that would

9   impact the general servicing of a mortgage.  In *Stefan v. Wachovia, World Savings*, 2009 U.S.

10  Dist. LEXIS 113480, *8-9 (N.D. Cal. Dec. 7, 2009, Armstrong, J.), the court held that plaintiff's

11  claims challenging the validity of the loan and defendants' efforts to foreclose were preempted

12  by HOLA.  The Court noted:

13         The relief Plaintiff seeks under state tort and contract laws are of general
           applicability and do not explicitly regulate lending activities.  To the
14         extent that these state laws are applicable to the foreclosure process or the
           loan agreement itself, they are expressly preempted by Section 560.2(b).
15         Specifically, Plaintiff's claims of misconduct surrounding the foreclosure
           proceedings clearly fall under the preemption provisions for "processing,
16         origination, sale or purchase of ... mortgages" and "disclosure," while his
           claim that the loan agreement terms were unconscionable falls under the
17         "terms of credit" preemption. *Id.* (emphasis added).

18        In *DeLeon*, *supra*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. June 9, 2010), plaintiffs alleged

19  that a bank representative represented that no foreclosure would occur because modification

20  negotiations were ongoing, and that the lender wrongfully proceeded to sale without

21  "concluding" these discussions.  Plaintiffs brought a wrongful foreclosure suit, yet the court

22  found that the state law claims related to "servicing" of the subject mortgage and were

23  preempted by HOLA.  *DeLeon*, 729 F. Supp. 2d at 1124-28.  Specifically, the court preempted

24  plaintiffs' state claims for "wrongful foreclosure," "cancellation of the trustee deed," violation of

25  Civil Code § 2923.5, and quiet title.  *Id.*  The preemption analysis under HOLA evaluates only

26  whether the type of state law at issue appears on the list set forth in 12 C.F.R. §560.2(b).  *Silvas,*

27  *supra,* at 1005.  Any doubt should be resolved in favor of preemption.  *Weiss v. Washington*

28  *Mutual Bank,* 147 Cal. App. 4th 72, 76-77 (2007).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**4.   WELLS FARGO IS IN COMPLIANCE WITH THE NATIONAL MORTGAGE SETTLEMENT AND IS THEREFORE PROTECTED UNDER THE SAFE HARBOR PROVISIONS OF CIVIL CODE § 2924.12 AGAINST PLAINTIFFS' HBOR CLAIM**

Civil Code § 2924.12 provides a safe harbor provision under the newly adopted HBOR. Pursuant to § 2924.12, a signatory to the National Mortgage Settlement ("NMS") who is in compliance with the NMS "shall have no liability for a violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 or 2924.17" as long as the signatory is in compliance with the relevant terms.  Civil Code § 2924.12(g); *see also, Winterbower v. Wells Fargo Bank ,N.A.,* 2013 U.S. Dist. LEXIS 44087, at **10-11.

Here, Wells Fargo is a signatory to the NMS.  (A true and correct copy of the NMS is attached to the RJN Exh. J.)  And the SAC is devoid of an allegation that Wells Fargo failed to comply with the NMS.  As such, Wells Fargo's participation in the NMS insulates it from liability under the HBOR.

**5.   PLAINTIFFS' HBOR CLAIM FAILS (FIRST CLAIM)**

The SAC alleges that Wells Fargo violated the "HBOR.  Yet as briefed below, plaintiffs' allegations relating to the HBOR fail for several key reasons.  First, the HBOR is inapplicable since the foreclosure related to a junior lien mortgage.  Civil Code § 2924.15.  Second, even if Wells Fargo *had* foreclosed on plaintiffs' first mortgage, the actions complained of occurred prior to the effective date of HBOR.

**A.   THE HBOR DOES NOT APPLY TO A JUNIOR LIEN FORECLOSURE**

Under the new legislation, "Sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply **only** to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." Civil Code § 2924.15(a) [emphasis added.]

In the present case, the recorded notice of default, notice of sale, and trustee's deed all relate to the ELOC, the second deed of trust (*i.e.* the junior deed of trust securing ELOC).  (SAC ¶¶ 13-15 and 18 and RJN, Exhs. G, H and I.)  HBOR does not apply to second liens.  Civil Code

1   § 2924.15(a); *see also, Stephens v. World Savings Bank*, 2013 U.S. Dist. LEXIS 24763, at *18

2   (N. D. Cal. Feb. 22, 2013) ("The specific code sections that Plaintiffs contend in this application

3   that Defendants violated – the new California Civil Code Sections 2923.5, 2923.55 and 2923.6 –

4   do not apply to the second deed of trust at issue here…   The notices of default and sale at issue

5   here were related to the second deed of trust, not the first.").   On this basis alone, plaintiffs'

6   HBOR-related allegations are a nullity.

7   **B.      THE HBOR IS NOT RETROACTIVE AND PLAINTIFFS' CLAIMS OCCURRED**

8   **PRIOR TO THE EFFECTIVE DATE**

9           While not entirely clear, it appears that plaintiffs' claims relate to actions occurring prior

10  to January 1, 2013.   Specifically, the notice of default and notice of sale were both recorded in

11  2012.   The HBOR does not apply retroactively and became effective on January 1, 2013.

12  *Michael J. Weber Living Trust,* 2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. 2013)

13  (HBOR took effect on January 1, 2013 and does not apply retroactively.); *See also, Guglielmelli*

14  *v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 43063; M*cGough v. Wells Fargo Bank, N.A.*,

15  2012 U.S. Dist. LEXIS 151737, at *16, fn. 4 (N.D. Cal. Oct. 22, 2012) (citing the Legislative

16  Counsel's Digest to A.B. 278 and commenting that "there is no indication that the [HBOR] is

17  intended to be, or will be, applied retroactively.").   Plaintiffs' HBOR claims fail because all of

18  the alleged wrongful actions occurred prior to HBOR's effective date.

19  **6.      PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM FAILS (SECOND CLAIM)**

20  **A.      PLAINTIFFS HAVE FAILED TO PLEAD ANY OF THE ELEMENTS OF**

21  **PROMISSORY ESTOPPEL**

22          To establish promissory estoppel, a plaintiff must allege: "(1) a promise clear and

23  unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance

24  must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by

25  his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).   Here, the

26  pleading fails to plead any facts which reflect the existence of any of the foregoing elements.

27          The purported promise on which plaintiffs base their promissory estoppel claim consists

28  of an assurance that "he [Mr. Teran] would submit their HAMP application for review, that a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  loan modification was forthcoming, and that no foreclosure sale would take place during the

2  evaluation." (SAC ¶ 47.)  Plaintiffs do not allege that they were ever promised that the ELOC

3  would be modified, nor do they allege that they were ever told what the terms of a modified loan

4  might look like, if they did qualify.  Plaintiffs admit that the "promise" was only to "submit and

5  consider" the loan modification application.  (SAC ¶ 48.)  No one ever promised plaintiffs that

6  there would be a loan modification and so, as pled, plaintiffs have not identified any clear,

7  unambiguous promise, and their promissory estoppel claim fails for this reason alone.

8        Further, regarding the element of reasonable reliance, plaintiffs do not allege that Wells

9  Fargo ever offered any particular terms.  Therefore, plaintiffs could not have known what, if any,

10 difference a modification would have made to them.  Nor is there any indication that plaintiffs

11 would have accepted the terms of a loan modification, had one been offered.  Under these

12 circumstances, there can be no reasonable reliance.  *See, Escobedo vs. Countrywide Home*

13 *Loans, Inc.,* 2009. Dist. Lexis 117017, at *6 (S.D. Cal. 2009).

14       The recent Central District opinion granting a motion to dismiss in *Cabanillas v.*

15 *Wachovia Mortg.,* Case No. SACV 12-00228-CJC (JPRx) (C.D. Cal. March 20, 2012; J. Carney)

16 is directly on point in dismissing a claim for promissory estoppel.  In *Cabanillas*, the claim for

17 promissory estoppel was premised on the allegation that Wachovia "made numerous oral

18 promises that they would give Plaintiffs a loan modification … if Plaintiffs completed an

19 application for a loan modification and provided certain documents… yet Wachovia still denied

20 their loan modification request."  *Id*. at *3.  However, the Court held that the claim failed

21 because:

22           The Cabanillas have failed to allege a clear or unambiguous promise
             related to their loan modification…  Although these alleged
23           representations by Wachovia imply something about the future, the
             representations are not clear, unambiguous, enforceable promises that
24           support a promissory estoppel claim.  By the Cabanillas' own admission,
             Wachovia merely promised to consider and evaluate their loan
25           modification request.  That the Cabanillas did not receive a loan
             modification does not entitle them to pursue a claim of promissory
26           estoppel.

27 *Id*. at *4.

28       The same allegations are made by plaintiffs here as the plaintiffs in *Cabanillas*, and the

result is the same.  At most, Wells Fargo promised only to consider and evaluate the loan

modification application.  As in *Cabanillas*, "[t]hat plaintiffs did not receive a loan modification

does not entitle them to pursue a claim of promissory estoppel."  *Id.* at *4.

Likewise, in *Nong v. Wells Fargo Bank, N.A., et al.,* 2010 U.S. Dist. Lexis 136464, at *8-

*10 (C.D. Cal. 2011 plaintiff asserted that Wachovia should be estopped from foreclosing her

property because it told her that she met the qualifications for a HAMP modification.  The court

rejected this reasoning because "lenders are not required to make loan modifications for

borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable

right on the borrower."  *Id.* at *10 (citing *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist.

LEXIS 7045 (N.D. Cal. June 30, 2010)).  According to the court in *Nong,* "reliance on a

statement that she qualified for [a loan modification] would not be reasonable, for qualification

… does not entitle a borrower to a loan modification."  *Id.*  Here, the "promise" that Wells Fargo

allegedly made to plaintiffs was that **they would be evaluated for loan modification**.  This

claim is much weaker that the claim rejected by the court in *Nong.*

Moreover, plaintiffs alleged that they relied on Wells Fargo's statements by "completing

countless forms" and not "resorting to alternatives course of action to prevent the impeding

foreclosure  . . . ."  (SAC ¶ 55.)  The claim of "completing countless forms" is meaningless.  The

claim of not resorting to alternatives is similar to the claim rejected in *Nong*.  In *Nong*, plaintiff

alleged she relied on Wachovia's statements by not pursuing other strategies to avoid

foreclosure.  *Id.* at *9.  Again, the court rejected that reasoning in striking down her claim.

"Where a plaintiff does not allege facts that could establish that [she] would have been

successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of

her home, dismissal is proper because the Complaint lacks a connection between her reliance on

the alleged promise and losing her home to sustain her claim for estoppel."  *Id. (citing Newgent

v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 18476, at *18 (S.D. Cal. Mar. 2, 2010)).

Finally, promissory estoppel requires plaintiff to demonstrate a change in position in

response to what was promised.  *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38,

48 (1990).  The action induced must be "of a definite and substantial character on the part of the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    promissee." *Vlat v. University of So. California*, 5 Cal. App. 3d 935, 944 (1970).  Plaintiffs took

2    no action, let alone definite and substantial action, as a result of the alleged promises.  Plaintiffs

3    have not demonstrated any change in position and have  not alleged action of a definite and

4    substantial character.

5            Plaintiffs also fail to allege any harm arising from their alleged reliance on the promise.

6    In this regard, plaintiffs assert they were deprived of the opportunity to have their home loan

7    modified.  (SAC ¶ 56.)  This claim fails because, as set forth above, "lenders are not required to

8    make loan modifications for borrowers that qualify under HAMP nor does the servicer's

9    agreement confer an enforceable right on the borrower."  *Nong* at *10.  Moreover, it is pure

10   speculation as to whether plaintiffs would have ever been granted a loan modification.  The

11   "opportunity to have their home loan modified" cannot serve as the basis of promissory estoppel

12   claim.

13   **B.      THE PROMISSORY ESTOPPEL CLAIM IS BARRED BY THE STATUTE OF**

14           **FRAUDS**

15           Any oral agreement to modify the ELOC is barred by the statute of frauds.  *See e.g.,*

16   *Seacrest v. Security National Mortgage Loan Trust 2002-2*, 167 Cal. App. 4th 544, 547 (2008);

17   *See also*, Civil Code Section 1698; *Raedeke v. Gibraltar Sav. & Loan Assn.,* 10 Cal. 3d 665, 673

18   (1974) ("In the absence of consideration, a gratuitous oral promise to postpone a sale of property

19   pursuant to the terms of a trust deed ordinarily would be unenforceable . . . ."); *Nguyen v.*

20   *Calhoun*, 105 Cal. App. 4th 428, 444 (2003) (same).

21                   **7.      THE CLAIM FOR NEGLIGENCE FAILS (THIRD CLAIM)**

22           The threshold element for any negligence claim is the existence of a duty of care.  *Bily v.*

23   *Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992).  "The determination of whether a duty exists is

24   primarily a question of law."  *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  The existence

25   of a duty is an issue that the court can decide as a matter of law in ruling on a demurrer.

26   *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc*., 49 Cal. App. 4th 472, 478 (1996).

27   "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant."  *Id*. at 481.  A plaintiff's

28   "inability to plead a duty of care…precludes his maintenance of a cause of action on any

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997).

California law is clear:  "As a general rule, a financial institution owes ***no duty of care to a borrower*** when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991) (emphasis added); *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d 1206, 1214 (9th Cir. 1994) ("Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists.").  Thus, Wells Fargo has no duty or obligation to modify its borrowers' loans. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231 (2010) ("As mentioned above, there is no right, for example, under the statute [Civil Code § 2923.5], to a loan modification.").  Nor does Wells Fargo owe plaintiffs a duty of care in processing their loan modification application. *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429 (2010); *Wagner v. Benson*, 101 Cal. App. 3d 1089, 1096 (1980).

In an analogous situation, the Court in *Hellbaum v. Lytton Sav. and Loan Ass'n of N. Cal*, 274 Cal. App. 3d 456, 459-60 (1969)[2], confirmed that there was no duty of care in processing a loan assumption which, because it changes the identity of the obligated borrower, is comparable to a modification.  The comments by the *Hellbaum* Court regarding the negligence claim were unequivocal:

> [W]e find no support for appellants' contention that the lender is subject to tort liability for negligence in the processing of the application for assumption at all, and was *not liable in tort for failure to act upon the application in any particular way*.

*Id.* (emphasis added).

---

[2]*Hellbaum* was disapproved on a limited issue not before the court in this action.  *See, Wellenkamp v. Bank of Am.*, 21 Cal. 3d 943, 953 (1978).  The disapproval expressed in *Wellenkamp* was restricted to a single conclusion by the *Hellbaum* court that the due-on-sale clause in the deed of trust was not an unreasonable restraint on alienation.  That conclusion was unrelated to the negligence cause of action, and had nothing to do with the completely separate ruling in *Hellbaum* that a loan assumption application does not give rise to a duty of care in tort.  Except for the limited basis of the *Wellenkamp* disapproval, *Hellbaum* remains valid authority in California.  *See, Sacramento Sav. & Loan Ass'n v. Super. Ct.*, 137 Cal. App. 3d 142, 144 (1982); *Williams v. Fassler*, 110 Cal. App. 3d 7, 11 and 12 n. 2 (1980).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    As in *Hellbaum*, here, Wells Fargo had "no duty to permit" a modification of the Loan or

2    even to accept plaintiffs' application for a loan modification.  Thus, it was free to impose any

3    condition on what loan would be reviewed and in what manner a review would take place.  For

4    these reasons there is no tort liability for negligence in connection with the processing of

5    plaintiff's application.

6    In a recent case, a district court carefully reviewed California law governing the duties

7    owed by a lender to a borrower concerning a loan modification.  In *Dooms v. Fed. Home Loan*

8    *Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, at ** 24-25 (E.D. Cal. Mar. 30, 2011), the plaintiff-

9    borrower had "experienced financial difficulties" and requested a loan modification.  After a

10   foreclosure sale was completed, the plaintiff sued her lender for negligence alleging that it

11   breached duties of care to "(1) [p]rocess [plaintiff's] loan modification applications; (2) [h]alt

12   foreclosure activities pending [plaintiff's] loan modification; (3) [a]llow [plaintiff] to cure

13   default; (4) [r]efrain from selling the property  . . . ; and (5) [a]llow [plaintiff additional time] to

14   provide further documentation for loan modification."  *Id.* at *24.

15   The *Dooms* court found that "[t]here is *no actionable duty between a lender and*

16   *borrower* in that loan transactions are arms-length."  *Id.* at 25 (emphasis added).  "A lender

17   'owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for

18   negligence arises only when the lender "actively participates" in the financed enterprise "beyond

19   the domain of the usual money lender."  *Id.* at 25-26 (*citing Wagner v. Benson,* 101 Cal. App. 3d

20   27, 35 (1980); *Nymark*, 231 Cal. App. 3d at 1096 ["as a general rule, a financial institution owes

21   no duty of care to a borrower when the institution's involvement in the loan transaction does not

22   exceed the scope of its conventional role as a mere lender of money"]; and *Meyers v. Guarantee*

23   *Sav. & Loan Assn.*, 79 Cal. App. 3d 307, 312 (1978) [no lender liability when lender did not

24   engage "in any activity outside the scope of the normal activities of a lender of construction

25   monies"]).

26   Other courts have found that a lender owes no duty to the borrower with respect to a

27   modification.  *See, Argueta v. J.P. Morgan Chase*, 2011 U.S. Dist. LEXIS 70756, at ** 14-16

28   (E.D. Cal. June 30, 2011) (plaintiff alleged that "[b]y accepting Plaintiff's modification

1   application, requesting additional documents and conditions of Plaintiff, and representing that it

2   was endeavoring to actually review Plaintiff for a modification, [lender] had an obligation to

3   Plaintiff to do so reasonably and conform to a standards of conduct for the protection of Plaintiff

4   against unreasonable risks associated with reviewing Plaintiffs for a modification;" Court held

5   that the allegations "are insufficient to plausibly suggest that defendants owed plaintiff a duty of

6   care"); *DeLeon v. Wells Fargo Bank, N.A*., 2010 U.S. Dist. LEXIS 112941, at ** 9-12 (N.D. Cal.

7   Oct. 22, 2010) (negligence claim fails because lender had no "duty to Plaintiffs to complete the

8   loan modification process, postpone the foreclosure sale pending completion of such process,

9   and serve a proper notice of sale"); *Coppes v. Wachovia Mortg. Corp*., 2011 U.S. Dist. LEXIS

10  42061, at *17-18 (E.D. Cal. Apr. 13, 2011) (Plaintiff's negligence claim was premised on

11  allegations that she was "referred to WACHOVIA for an 'in house [modification] program,'"

12  and that she "applied for the 'in house program' and was declined;" court dismissed claim

13  because "Plaintiff has not alleged 'special circumstances' plausibly suggesting Wachovia owed

14  her a duty of care because it 'actively participate[d] in the financed enterprise beyond the domain

15  of the usual money lender.'").

16          In this case, there is nothing to suggest that Wells Fargo did anything that "exceed[ed] the

17  scope of its conventional role as a mere lender of money."  *Nymark*, 231 Cal. App. 3d at 1096.

18  All of Wells Fargo's alleged activities concern normal banking and lending practices conducted

19  at arms-length.  There is no basis to impose any duty on Wells Fargo.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**8.**   <u>**CONCLUSION**</u>

For the foregoing reasons, Wells Fargo requests an order granting its motion to dismiss as to all claims without leave to amend.

Respectfully submitted,

Dated:  January 9, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:   /s/ Kenneth A. Franklin
Kenneth A. Franklin
kfranklin@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (erroneously named as Wells Fargo Home Mortgage, Inc.) ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**CERTIFICATE OF SERVICE**

2

3

4

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

5

On the date below, I served a copy of the foregoing document entitled:

6

7

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**

8

on the interested parties in said case as follows:

9

**Served Electronically Via the Court's CM/ECF System**

10

*Attorneys for Plaintiffs:*

11

12

Jeremy J. Alberts
THE ALBERTS FIRM, Attorneys at Law
1600 N. Broadway, Suite 1010
Santa Ana, CA 92706

13

14

Tel:  (714) 441-1144
Fax:  (714) 547-7633

15

16

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on January 9, 2014.

18

19

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

20

21

22

23

24

25

26

27

28

CASE NO. 3:13-CV-05881-LB
CERTIFICATE OF SERVICE