UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MANOJ RIJHWANI, et al.,<br><br>                    Plaintiffs,<br>    v.<br><br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>                    Defendant.<br>_____/ | No. C 13-05881 LB<br><br>**ORDER REGARDING THE PARTIES' THREE JOINT DISCOVERY DISPUTE LETTERS DATED JANUARY 23, 2015**<br><br>[Re: ECF Nos. 37-39] |

Plaintiffs Manoj Rijhwani and Lisa Rijhwani ("Plaintiffs") sued Wells Fargo Bank, N.A. ("Wells Fargo")[1] for its alleged misconduct in relation to Plaintiffs' attempt to get a loan modification and the concurrent foreclosure proceedings on Plaintiffs' property. *See* Second Amended Complaint ("SAC"), ECF No. 1-1 at 1-24.[2] The parties now have filed three joint discovery dispute letters. *See* First 1/23/2015 Letter, ECF No. 37; Second 1/23/2015 Letter, ECF No. 38; Third 1/23/2015 Letter, ECF No. 39. Upon consideration of the letters and the record before it, the court rules as follow.

**I. WELLS FARGO'S DISCOVERY**

In the First 1/23/2015 Letter, Wells Fargo asks the court to order Plaintiffs to respond, without objection, to its Special Interrogatories, Set One, and its Request for Production ("RFPs"), Set Two, no later than February 10, 2015. *See* First 1/23/2015 Letter, ECF No. 37. Wells Fargo served the

---

[1] Plaintiffs erroneously sued Wells Fargo as "Wells Fargo Home Mortgage, Inc."

[2] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C13-05881 LB
ORDER

discovery at issue on Plaintiffs on December 17, 2014. This means that Plaintiffs' deadline to respond to it was January 16, 2015. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). In the letter, Plaintiffs say they have not responded because one of the two Plaintiffs (Manoj Rijhwani) was injured in early January 2015, but Plaintiffs fail to explain why they did not seek or get an extension of time to respond or seek a protective order prior to January 16, 2015, or why the other Plaintiff (Lisa Rijhwani) could not have assisted with the responses. Plaintiffs nevertheless say that they agree to respond by Wells Fargo's proposed date of February 10, 2015.

The dispute, then, is whether Plaintiffs may object to the discovery. Wells Fargo provides authority supporting its argument that Plaintiffs' failure to timely respond means that they waived their right to object. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection."). And although some courts "read into Rule 34 the discretion granted under Rule 33(b)(4) (dealing with interrogatories) to excuse untimely objections to requests for production," Cal. Prac. Guide: Civ. P. before Trial § 11:1905 (The Rutter Guide 2015) (citing *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999)), and other courts have granted relief from such a waiver "upon a proper showing," *see id.* § 11:1906 (citing In *re Uranium Antitrust Litig.*, 480 F. Supp. 1138, 1149 (N.D. Il. 1979), Plaintiffs make no effort to argue that they meet such a standard and in fact do not ask the court to excuse their untimeliness. *See* First 1/23/2015 Letter, ECF No. 37 at 2.[3] On this record, then, the court finds that Plaintiffs have waived their rights to object to Wells Fargo's propounded discovery.

Accordingly, the court orders Plaintiffs to provide written responses to Wells Fargo's Special

---

[3] The court found the authorities cited in this sentence on its own; Plaintiffs cited no authority in their section of the parties' joint letter.

Interrogatories, Set One and its Request for Production, Set Two, without objections, and produce copies of all documents responsive to the requests that are currently within Plaintiffs' possession, custody or control, no later than February 10, 2015.

## II. PLAINTIFFS' DISCOVERY

In the Third 1/23/2015 Letter, Plaintiffs ask the court to order Wells Fargo to further respond, without objection, to their Requests for Admissions ("RFAs"), Set One, and their Request for Production, Set Two, no later than February 10, 2015. *See* First 1/23/2015 Letter, ECF No. 39.

As an initial matter, the court notes that Plaintiffs' RFAs consist of 405 separate requests, roughly one-third of which appropriately ask Wells Fargo to admit the truth of certain matters related to this action. *See* Fed. R. Civ. P. 36(a)(1) (scope of requests for admission). The remaining two-thirds inappropriately ask Wells Fargo to "state all facts" if the response to the preceding question was not an admission or to "produce all documents" that supported the denial of the request for admission. *Compare id. with* Fed. R. Civ. P. 33(a)(2) (scope of interrogatories) and Fed. R. Civ. P. 34(a)(1) (scope of requests for the production of documents). The court finds that Wells Fargo does not need to further respond to any so-called RFAs that ask Wells Fargo to "state all facts" or "produce all documents." Whether Wells Fargo has to further respond to RFAs that actually seek admissions, or to Plaintiffs' RFPs, is discussed below.

As for the remaining RFAs and the RFPs, Wells Fargo argues that it appropriately objected to them and should not have to respond to them because they were not timely served. Plaintiffs' RFAs and RFPs, which were received by Wells Fargo on December 22, 2014, are dated December 12, 2014. Plaintiffs say that their counsel placed the envelopes containing the requests into his law firm's mailing system that same day. The proof of service also states that the requests were served by regular mail on December 12, 2014. If this is true, then Wells Fargo would have had to respond to the requests by January 14, 2015, two days before the close of fact discovery. *See* Fed. R. Civ. P. 6(a) (calculating time), 6(d) (add three days to response time when service is by regular mail), 36(a)(3) (a party must respond to RFAs within 30 days of being served with them).

Wells Fargo, however, says that Plaintiffs' position is betrayed by the envelope's postmark, which indicates that the requests were processed as received by the postal service on December 19,

1  2014. If the requests were not delivered to the postal service and mailed until that date, responses to
2  them would not have been due until January 21, 2015, five days after the close of discovery, making
3  them untimely served. Wells Fargo also notes that the proof of service signed by Plaintiffs' counsel
4  states: "I am aware that on motion of the party served, service is presumed invalid if the postal
5  cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing
6  in the affidavit."

7  In light of the conflicting evidence, and with the postal service annual holiday inundation in
8  mind, the court will not find that Plaintiffs' requests were untimely. Wells Fargo must respond to
9  Plaintiffs' Requests for Admissions, Set One (to the extent that they actually seek admissions and
10 not to the extent that they ask Wells Fargo to "state all facts" or "produce all documents"), and their
11 Requests for Production, Set Two, no later than February 10, 2015.

12 **III. MR. TERAN'S DEPOSITION**

13 In the Second 1/23/2015 Letter, Plaintiffs ask the court to order Wells Fargo to either designate
14 Juan Teran as Wells Fargo's deponent for its upcoming Rule 30(b)(6) deposition, provide them with
15 Mr. Teran's contact information so they can serve him with a Rule 45 subpoena, or accept service of
16 a Rule 45 subpoena on his behalf.

17 Mr. Teran, who apparently is a current employee of Wells Fargo in San Antonio, Texas, is
18 important to Plaintiffs' case because he allegedly was designated as their "single point of contact"
19 during their attempts to stave off the foreclosure of their property and to seek a loan modification.
20 Mr. Teran, however, is not a party to the litigation, which means that, if Plaintiffs wanted to depose
21 him, they needed to have served with him a subpoena under Rule 45. They didn't. Instead, on
22 December 26, 2014, they served Wells Fargo with a notice of their intent to depose Mr. Teran on
23 January 6, 2015. And when Wells Fargo objected to the notice on the grounds that Mr. Teran is
24 neither a party to this litigation (and thus must be subpoenaed) nor an "officer, director, or managing
25 agent" of Wells Fargo (such that he could be deposed under Rule 30(b)(1)), Plaintiffs then asked
26 Wells Fargo to require Mr. Teran to testify on its behalf at its upcoming Rule 30(b)(6) deposition.
27 Wells Fargo refused.

28 Wells Fargo was within its rights to object as it did. As one district court has made clear:

> Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition. If the party is a corporation, it may be noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in which case it must designate an officer, director, . . . managing agent[, or other person who consents] to testify on its behalf. Fed. R. Civ. Proc. 30(b)(6). If the party seeking the deposition wishes to depose a specific employee of the corporation, it may identify a specific officer, director or managing agent to be deposed and notice that person under Federal Rule of Civil Procedure 30(b)(1). However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y.1985). Such employees must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure.

*Calderon v. Experion Information Solutions, Inc.*, 290 F.R.D. 508, 516 (D. Id. 2013) (footnote omitted); *see* Cal. Prac. Guide: Fed. Civ. P. before Trial § 11:1406.2 (The Rutter Group 2014) ("A subpoena is required to take the deposition of an entity's nonmanaging agents.") (citing *Calderon*). If Plaintiffs wanted to depose Mr. Teran under Rule 30(b)(1), it was their burden to show that he was an officer, director, or managing agent of Wells Fargo. *See Calderon*, 290 F.R.D. at 517. And while "this burden is a modest one, and doubts about an individual's status as 'managing agent,' at the pretrial discovery stage, are resolved in favor of the examining party," *id.*, Plaintiffs do not try to show that Mr. Teran is a managing agent of Wells Fargo. *See* Second 1/23/2015 Letter, ECF No. 38 at 3.

Wells Fargo also is not required to designate Mr. Teran as their Rule 30(b)(6) deponent. "[I]t is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party." *Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003); *see* Cal. Prac. Guide: Fed. Civ. P. before Trial § 11:1414 (The Rutter Group 2014) ("The person(s) so designated must be able to testify fully as to the matters designated," but "[a] party need not produce the person most knowledgeable about the matters designated.") (citations omitted). Thus, even though Mr. Teran may have a lot of knowledge about Plaintiffs' deposition topics, all Wells Fargo has to do is designate a deponent who can fully testify about those topics.

The court also rejects Plaintiffs' request that the court order Wells Fargo to accept service on his behalf. Plaintiffs have cited no authority for such relief. Rule 45 requires a subpoena to be "delivered" to the named person, and most courts have interpreted that word to require personal

service. *See* Fed. R. Civ. P. 45(b)(1); Cal. Prac. Guide: Fed. Civ. P. before Trial § 11:2271-72 (The Rutter Group 2014) (citations omitted). And while counsel often stipulate to produce their client's employees without requiring the service of subpoenas, *see* Cal. Prac. Guide: Fed. Civ. P. before Trial § 11:2229 (The Rutter Group 2014), that did not occur here, and Plaintiffs have not provided the court with any authority that would suggest that Wells Fargo has to accept service on Mr. Teran's behalf. Plaintiffs statement that there are "at least seven Juan Teran's residing in San Antonio, Texas" does not change this outcome.

That said, Mr. Teran appears to be central to this case, which would make him the kind of person Wells Fargo ought to (and may) have listed in its initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). This also means that his address and telephone number, if known, should have been included, too. *See id.* The Federal Rules of Civil Procedure also require parties to supplement their initial disclosures when they discover information at a later date. *See* Fed. R. Civ. P. 26(e)(1)(A). The court also believes that, while Plaintiffs perhaps could have discovered Mr. Teran's contact information through other means (e.g., an interrogatory, the use of an investigator, etc.), it seems like a waste of time at this point of the litigation to require Plaintiff to jump through such hoops when Wells Fargo can (and should have, if it didn't) provide it now. The court thus orders Wells Fargo to provide it (if known) to Plaintiffs by February 2, 2015.

Accordingly, the court will not require Wells Fargo to designate Juan Teran as Wells Fargo's deponent for its upcoming Rule 30(b)(6) deposition or accept service of a Rule 45 subpoena on his behalf. It must, however, provide them with Mr. Teran's contact information.

**IT IS SO ORDERED.**

Dated: January 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge

C13-05881 LB
ORDER                                               6