UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MANOJ RIJHWANI, et al.,<br><br>                Plaintiffs,<br>    v.<br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>                Defendant.<br>_____/ | No. C 13-05881 LB<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED FEBRUARY 24, 2015**<br><br>[Re: ECF Nos. 45] |

Plaintiffs Manoj Rijhwani and Lisa Rijhwani ("Plaintiffs") sued Wells Fargo Bank, N.A. ("Wells Fargo")[1] for its alleged misconduct in relation to Plaintiffs' attempt to get a loan modification and the concurrent foreclosure proceedings on Plaintiffs' property. (*See* Second Amended Complaint ("SAC"), ECF No. 1-1 at 1-24.[2]) Fact discovery closed on January 16, 2015. On January 28, 2015, in response to the parties' three joint discovery dispute letter briefs filed on January 23, 2015, the court ordered, among other things, Wells Fargo to provide Plaintiffs with the contact information for Juan Teran. Plaintiffs wanted Mr. Teran's contact information so they could serve him with a Rule 45 subpoena and depose him. It was clear from the parties' joint discovery dispute letter concerning this issue that Plaintiffs had been trying to depose Mr. Teran since December 2014 but had been unsuccessful in finding and serving him.

---

[1] Plaintiffs erroneously sued Wells Fargo as "Wells Fargo Home Mortgage, Inc."

[2] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C13-05881 LB
ORDER

1  Wells Fargo provided Plaintiffs with Mr. Teran's contact information on February 2, 2015. On
2  February 12, 2015, Plaintiffs served Mr. Teran with a subpoena directing him to sit for deposition on
3  March 6, 2015. Wells Fargo argues that the court should quash this subpoena because Plaintiffs
4  served it, and it requires Mr. Teran to be deposed, after the close of fact discovery.

5  The court will not do that. It is true that fact discovery had closed by the time the court ordered
6  Wells Fargo to disclose Mr. Teran's contact information, and by the time Plaintiffs served him with
7  a subpoena. It also is true that the court's prior order did not extend the fact discovery deadline or
8  permit Mr. Teran's deposition to take place after it. But in light of the context for the dispute over
9  Mr. Teran's deposition, it was the court's intent to allow Plaintiffs to serve Mr. Teran and depose
10 him. The court also notes that on February 20, 2015, the parties filed a stipulation (which the court
11 approved on February 23, 2015) continuing the last date for hearing dispositive motions from April
12 6, 2015 to May 22, 2015 because "the parties are still in the process of completing non-expert
13 discovery," "have pending discovery disputes to be resolved by the court," and "would like
14 additional time to complete the outstanding non-expert discovery, and seek resolution of their
15 pending discovery disputes, prior to the filing deadline for dispositive motions, which may rely in
16 part on information obtained during the pending discovery." (Stipulation and Order, ECF No. 44 at
17 2.) That stipulation did not extend the fact discovery deadline, but the parties made clear in it that
18 they are still conducting fact discovery. Accordingly, the court will allow Plaintiffs to depose on
19 March 6, 2015 as scheduled. If that date is not convenient, the court encourages the parties to work
20 out another date among themselves.

21 The court also denies Wells Fargo's request that the court reconsider its prior order directing
22 Wells Fargo to provide Mr. Teran's contact information. Rule 26 requires Wells Fargo to have
23 provided "the name and, if known, the address and telephone number of each individual likely to
24 have discoverable information—along with the subjects of that information—that the disclosing
25 party may use to support its claims or defenses, unless the use would be solely for impeachment."
26 Fed. R. Civ. P. 26(a)(1)(A)(i). The denials in Wells Fargo's answer suggest that Wells Fargo must
27 have relied on discoverable information from Mr. Teran, and thus Mr. Teran's contact information
28 should have been disclosed under Rule 26. For example, Wells Fargo denied Plaintiffs' allegations

that Mr. Teran told them that they qualified for a loan modification and that they should not make payments on either of their loans until he had a clear picture of their situation (despite their ability and willingness at that time to stay current on their loans). (*See*, *e.g.*, Answer ¶ 20, ECF No. 21 at 4.) Wells Fargo did not state that this denial was reasonably based on belief or a lack of information, so the denial must have been warranted on the evidence. *See* Cal. Prac. Guide: Fed. Civ. P. before Trial § 8:931.1 (The Rutter Group 2015) ("Denials of factual contentions constitute a certificate by the attorney or party presenting the answer to the court that the denials are 'warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.") (citing Fed. R. Civ. P. 11(b)(4)).  And if the denial was warranted on the evidence, Wells Fargo must have relied upon information from Mr. Teran, as he is the Wells Fargo employee who could deny this allegation. Wells Fargo thus should have disclosed Mr. Teran's contact information in its initial disclosures. *See* Fed. R. Civ. P. 26(a)(1) advisory committee's note (2000) ("The disclosure obligation applies to "claims and defenses," and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. It thereby bolsters the requirements of Rule 11(b)(4), which authorizes denials "warranted on the evidence," and disclosure should include the identity of any witness or document that the disclosing party may use to support such denials."); *see also Stamps v. Encore Receivable Mgmt., Inc.*, 232 F.R.D. 419, 421-22 (N.D. Ga. 2005).

**IT IS SO ORDERED.**

Dated: February 27, 2015

_____
LAUREL BEELER
United States Magistrate Judge