UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MANOJ RIJHWANI, et al.,<br><br>        Plaintiffs,<br>    v.<br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>        Defendant.<br>_____/ | No. C 13-05881 LB<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED APRIL 8, 2015**<br><br>[Re: ECF Nos. 48] |

Plaintiffs Manoj Rijhwani and Lisa Rijhwani ("Plaintiffs") sued Wells Fargo Bank, N.A. ("Wells Fargo")[1] for its alleged misconduct in relation to Plaintiffs' attempt to get a loan modification and the concurrent foreclosure proceedings on Plaintiffs' property. (*See* Second Amended Complaint ("SAC"), ECF No. 1-1 at 1-24.[2]) The parties filed a joint discovery letter on April 8, 2015. (Letter, ECF No. 48.) Plaintiffs say that Wells Fargo did not adequately prepare its Rule 30(b)(6) witness and Wells Fargo should have to provide one who has been. Upon consideration of the parties' arguments and in furtherance of the efficient management of this case, the court denies Plaintiffs' request.

First, the Rule 30(b)(6) deposition occurred on February 13, 2015, but Plaintiffs did not provide Wells Fargo with its portion of a draft letter until April 1, 2015, and the letter was filed until April 8,

---

[1] Plaintiffs erroneously sued Wells Fargo as "Wells Fargo Home Mortgage, Inc."

[2] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2015. Fact discovery closed on January 16, 2015, except the court allowed Wells Fargo's Rule 30(b)(6) deposition and the deposition of Juan Teran to occur after then. To require yet another deposition, this long after fact discovery closed and Wells Fargo has filed its summary judgment motion, would require adjusting all of the deadlines—including the summary judgment hearing date and the trial—in this case, and the court is not willing to do that in this situation. Second, Plaintiffs have not convincingly shown that Wells Fargo's Rule 30(b)(6) witness was not able to testify about the topics. Before the deposition, Wells Fargo objected to two topics, and as far as the court knows, Plaintiffs never challenged these objections. This matters because Plaintiffs complain in the letter that Wells Fargo's Rule 30(b)(6) witness could not answer questions concerning those objected-to topics, and Plaintiffs do not show that the witness could not answer questions about the other topics. Third, as Wells Fargo points out, the deposition topics that Plaintiffs are concerned about are more appropriate for Juan Teran to discuss. Plaintiffs are taking Mr. Teran's deposition on April 10, 2015, and Plaintiffs can ask him directly about communications between Plaintiffs and Wells Fargo; after all, he allegedly was Plaintiffs' designated "single point of contact" at Wells Fargo.

**IT IS SO ORDERED.**

Dated: April 10, 2015

_____
LAUREL BEELER
United States Magistrate Judge