UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MANOJ RIJHWANI, et al., | Case No. 3:13-cv-05881-LB |
| Plaintiffs, | |
| v. | **FINAL PRETRIAL ORDER** |
| WELLS FARGO BANK, N.A., | [Re: ECF No. 66] |
| Defendant. | |

The court held a pretrial conference on September 3, 2015, and issues this final pretrial order pursuant to Federal Rule of Civil Procedure 16(e). The parties' joint proposed pretrial order is adopted except as modified by this order.

**I. TRIAL DATE AND LENGTH OF TRIAL**

A. The jury trial will begin on Monday, September 28, 2015, in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The trial will last 5 days. The trial will be held Monday through Friday from 8:30 a.m. to 2:00 p.m., with two ten-minute breaks. Counsel must arrive at 8:15 a.m. to address any issues (such as objections) before the trial day begins. The first day may run a full day, and counsel must arrive by 9 a.m. (and may come earlier to set up). The court will hold the charging conference at the end of the trial day on Wednesday, September 30, 2015.

B. Each side has 10 hours to present the direct examination of its witnesses and to cross-

examine the opposing party's witnesses, including all objections raised during the trial day. In addition, the parties each may make opening statements of up to 45 minutes.

## II. PROCEDURE FOR EXHIBITS DURING TRIAL

Please refer to the court's July 28, 2015 Pretrial Order for the proper procedures regarding the presentation of exhibits during trial. (*See* ECF No. 65.)

## III. PROCEDURE FOR WITNESSES DURING TRIAL

Please refer to the court's July 28, 2015 Pretrial Order for the proper procedures regarding the presentation of witness testimony and deposition excerpts during trial. (*See* ECF No. 65.)

## IV. CLAIMS REMAINING

The court granted summary judgment on all claims except for the following: (1) negligence and (2) promissory estoppel. (*See* Summary-Judgment Order, ECF No. 58.) The negligence claim will be tried to the jury. The promissory estoppel claim will be tried to the court.

### A. HOLA Preemption

Wells Fargo asserts HOLA preemption as a defense in its trial brief. (Wells Fargo's Trial Brief, ECF No. 78 at 9-13.) The court held previously that the plaintiffs' claims are not preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.* (3/3/14 Order, ECF No. 17 at 9-13.) The cases generally apply HOLA preemption only to conduct occurring before the loan changed hands from an entity governed by HOLA to one that is not. (*See id.* at 11.) Here, the first default happened in 2011, well after World Savings/Wachovia ceased being a federal savings bank and merged (ultimately) into Well Fargo Bank in November 2009. (*Id.* at 3.) The court previously declined to conclude that preemption attaches to the loan and instead followed the weight of authority to conclude that HOLA does not govern Wells Fargo's own conduct after the merger. (*Id.*) It thus concluded that Wells Fargo, which is not a federal savings association or bank, may not assert HOLA preemption in this case. (*See id.* at 12.)

In support of its renewed argument that HOLA attaches to the loan and allows it to assert HOLA preemption as a defense, Wells Fargo points to opinions by the Federal Home Loan Bank Board and its successor the Office of Thrift Supervision that (it contends) reach that conclusion. (Wells Fargo's Trial Brief, ECF NO. 78 at 9-11.) It asserts too that the plaintiffs agreed to have the

loan covered by HOLA because (1) the Note and Deed of Trust for the original loan in 2000 have a clause that the security instruments and secured notes are governed by federal law "including those for federally chartered savings institutions" and (2) the plaintiffs agreed that the lender's rights survive a merger and attach to someone who takes over the lender's rights. (*Id.* at 12-13.) It collects recent cases primarily from the Central District. (*Id.* at 13.) Courts in this district have addressed Wells Fargo's new arguments and rejected them. *See, e.g., Pimental v. Wells Fargo, NA,* No. 14-cv-05004-EDL, 2015 WL 2184305, at *3-*5 (N.D. Cal. May 7, 2015); *Hixson v. Wells Fargo Bank NA*, No. C 14-285 SI, 2014 WL 3870004, at *2-*5 (N.D. Cal. Aug. 6, 2014). The court follows those opinions and reaffirms its prior opinion that HOLA preemption does not apply to this case.

### B. Negligence

The elements of a negligence claim are (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) damages. (Proposed Joint Pretrial Order, ECF NO. 66 at 2.) The duty of care here is Wells Fargo's duty to submit the plaintiffs' loan-modification application and to not foreclose on their property while considering it. (Summary-Judgment Order, ECF No. 58 at 34-35.)

### C. Promissory Estoppel

The elements of a promissory estoppel claim are (1) a clear promise by the promisor, (2) reasonable and foreseeable reliance on the promise by the promisee, (3) injury (meaning, substantial detriment as injury to the promisee), and (4) damages. (Proposed Joint Pretrial Order, ECF NO. 66 at 3; Summary-Judgment Order, ECF No. 58 at 29.) The promissory-estoppel claim also is based on Wells Fargo's alleged promise (through its representative Juan Teran) to submit the plaintiffs' loan-modification application and to not foreclose on their property while considering it. (Summary-Judgment Order, ECF No. 58 at 29.)

## V. WELLS FARGO'S MOTIONS IN LIMINE ("MIL")

For the reasons stated on the record and below, the court rules as follows:

**1. MIL 1 to Exclude Evidence of Undisclosed Damages (ECF No. 69)**

The issue here is whether the plaintiffs disclosed a "computation of each category of

damages." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Failure to do so means that the party cannot use the information at trial unless the failure was substantially justified or harmless. Fed. R. Civ. 37(c)(1). Generally a party is not required to produce information already in the possession of the opposing party. Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. before Trial* ¶ 11:283 (The Rutter Group 2015).

The plaintiffs claim loss of equity, interest, late charges of $10,000, $5,000 in repairs and improvements, $5,000 for a homeowner's association assessment, $26,000 in relocation expenses, and damage to their credit. (MIL 1, ECF No. 69 at 5.) Wells Fargo points out that the plaintiffs provide no information about loss of equity and no calculation or support for their other damages. (*Id.* at 4-5.) The plaintiffs respond that they talked about damages during their depositions, they submitted documents and discovery responses with approximate numbers for their damages, and Wells Fargo never objected previously to their responses as being inexact. (Opposition, ECF No. 69 at 43-44.) The plaintiffs affirmed at the pretrial hearing that they were not deviating from their approximations.

For the reasons stated at the hearing, the court denies the motion. Wells Fargo may have good arguments about whether the damages are sufficient to establish (for example) reliance damages, but its motion does not present grounds to exclude the evidence.

**2. MIL 2 to Exclude Testimony Regarding Promise to Modify Loan (ECF No. 70)**

The motion here is based on the court's ruling that the plaintiffs' promissory-estoppel claim fails to the extent that it is based on Wells Fargo's promise to give them a loan modification and survives only to the extent that it is based on Wells Fargo's promise − through its representative Mr. Teran − to submit the loan modification application, consider it, and not foreclose on the property while it was considering it. (MIL 2, ECF No. 70 at 3.) Wells Fargo thus moves to exclude any testimony about the promise to give the plaintiffs a loan modification. (*Id.*) The plaintiffs respond that they do not intend to introduce evidence regarding the alleged promise to modify. (Opposition, ECF NO. 70 at 7, 9.) The court grants the motion.

**3. MIL 3 to Exclude Testimony Re Fees and Costs Incurred by Plaintiffs (ECF No. 71)**

The court grants the motion.

4
FINAL PRETRIAL ORDER (No. 3:13-cv-05881-LB)

**4.  MIL 4 to Exclude Evidence Not Previously Produced in Discovery (ECF No. 72)
MIL 5 Exclude Witnesses Not Disclosed by Plaintiffs (ECF No. 73)**

The parties have designated their witnesses and exhibits. *See* Fed. R. Civ. P. 23(a)(3). The court grants the motion except for evidence presented solely for impeachment purposes. *Id.*

## VI. WITNESSES AND DEPOSITIONS

The parties may call the witnesses listed in their witness lists. Given the lack of subpoenas, and for the reasons given on the record, the court will allow the plaintiffs to designate deposition excerpts. The parties must follow the procedures described at the conference (designation by September 10, response by September 16 at 10 a.m., and submission to the court no later than September 18, 2015 at noon).

## VII. EXHIBITS AND STIPULATIONS

The parties submitted joint exhibits. As discussed at the hearing, the court's pretrial order was meant to flush out objections two weeks before the pretrial conference so that the court could rule on objections and pre-admit as much evidence as possible. This results in an orderly trial. At the hearing, it became apparent that it was not obvious to the parties that the court's time line in its pretrial order was intended to replace the time line in Rule 26. The court thus will address the parties' evidence disputes at a second pretrial conference on September 24, 2015 at 11 a.m. The parties must confer about their exhibits to eliminate unnecessary exhibits and reduce the number of disputes (to the extent possible). An updated exhibit list and Wells Fargo's revised objections are due on September 17, 2015.

The parties also identify undisputed facts in their proposed pretrial conference statement. The court asks the parties to confer about the undisputed facts identified in their proposed pretrial order to reach any signed stipulations in a form that can be introduced as evidence at trial. Any stipulations must be submitted by September 17, 2015.

## VIII. QUESTIONNAIRES

The court will use the juror questionnaire that is attached to the court's July 28, 2015 Pretrial Order. (*See* ECF No. 65.) The parties will submit a joint questionnaire that includes the court's questionnaire (or any modifications to it) by September 10, 2015. If the parties want a Word

version of the court's questionnaire, they may email the court at lbpo@cand.uscourts.gov.

## IX. TRIAL

At the end of each trial day (generally, by 2:00 p.m.), counsel must give notice of the order of proof (meaning, the order of witnesses and the exhibits, including illustrative exhibits) for the next trial day. The parties must notify the court by the end of the day of any objections to the exhibits, and the court will schedule a conference that afternoon or the following morning to resolve the dispute.

**IT IS SO ORDERED.**

Dated:  September 4, 2015

_____
LAUREL BEELER
United States Magistrate Judge