UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MANOJ RIJHWANI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 3:13-cv-05881-LB <br><br> **ORDER ON OBJECTIONS TO EXHIBITS** <br><br> [Re: ECF No. 97] |

The court held a further pretrial conference on September 28, 2015, regarding Wells Fargo Bank's objections to the Rijhwanis' exhibits. (*See* Objections, ECF No. 97.)[1] Through the meet-and-confer process that the court ordered (see ECF Nos. 87 at 5 and 109), the parties narrowed their disputes. For the reasons stated on the record and below, the court rules as follows on the remaining objections.

**I. APPRAISALS**

The exhibits are 9, 13, 25, 36, 70, 107, 124, 150, 182, 187, 194, 225, 267, and 273. The appraisals were included in document productions made by the bank in response to document requests that were represented on the record to be requests for "any and all documents" in the bank's possession regarding the subject property. The court ruled, without objection (and with

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:14-cv-005881-LB)

1    agreement) by the plaintiffs that appraisals after the foreclosure are not relevant. The parties each

2    have their experts for damages.

3        As to the remaining appraisals, they were produced in discovery by Wells Fargo Bank. The

4    court concludes that they are authentic, at least insofar as the plaintiffs seek to show that they are

5    records in Wells Fargo Bank's files relevant to the subject property. *See* Fed. R. Evid. 901(a) ('the

6    proponent must produce evidence sufficient to support a finding that the item is what the

7    proponent claims it is"); *see Orr v. Bank of Am.*, *NT & SA*, 285 F.3d 764, 777 & n. 20 (9th Cir.

8    2002) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F3d 881, 889 n.12 (9h

9    Cir. 1996) (documents produced in discovery were deemed authentic when offered by the party-

10   opponent)); Wright & Gold, 31 Federal Practice & Procedure: Evidence § 7105 at 39

11   ("Authentication can also be accomplished through judicial admissions such as . . . production of

12   items in response to . . . [a] discovery request.").

13       That said, on this record, the documents are admissible only to show that the information was

14   in Wells Fargo Bank's files, and not for the truth of the matters asserted in the appraisals. The

15   court has no basis for concluding that they are business records or otherwise are not hearsay. The

16   plaintiffs nonetheless may try to establish any further foundation through Wells Fargo Bank

17   witnesses. The court further rules that any appraisal must be tethered to the time frame for a

18   particular loan modification. (That is why the court excluded post-foreclosure appraisals.)

19   **II. EXHIBIT 14**

20       The plaintiffs withdrew the exhibit.

21   **III. EXHIBIT 30: CHECKLIST**

22       Again, to the extent that Wells Fargo Bank produced it, the court deems it as authenticated as a

23   Wells Fargo Bank document. Its relevance is not apparent without tethering it to a witness's

24   testimony or something more than the document's existence. The court thus needs to rule on its

25   admissibility in the context of the trial.

26   **IV. "FOR PROCESS" NOTES**

27       An example is Exhibit 138. For the reasons stated on the record, these documents are deemed

28   authenticated as Wells Fargo Bank documents in Wells Fargo's files. That said, as discussed on

the record, some portions are attributable to third parties and are hearsay. The court has no foundation to conclude that they are business records (but the plaintiffs may be able to establish that through Wells Fargo's witnesses). The plaintiffs may be able to establish that some parts are party admissions. *See* Fed. R. Evid. 801(d)(2)(D).

**V. EMAIL CHAIN**

This is Exhibit 151. (Exhibit 149 is a duplicate.) For the reasons stated on the record, this is admissible as a party admission. *See* Fed. R. Evid. 801(d)(2)(D).

**VI. LETTERWRITER EXHIBITS**

These are exhibits 155, 170, 190, and 217. Again, these are authenticated to the extent that they are what they purport to be: documents from Wells Fargo Bank's files. That said, the plaintiffs will need to establish the foundation for their admissibility as (for example) business records or party admissions (as opposed to drafts, which they might well be on their face).

**VII. ANNUAL REPORTS**

These are exhibits 291 to 300. On their face, for the reasons stated on the record, the court cannot discern their relevance but will not preclude the plaintiffs from establishing relevance at trial (though the court observes that the so-called admissions are tangential and not tethered to the claims in this litigation, and the financial information is not limited to Wells Fargo Bank and appears excludable under Federal Rule of Evidence 403). The court overrules objections as to authenticity: the documents are Wells Fargo Bank's annual reports, and nothing suggests any reason to dispute their authenticity.

**VII. DEPOSITION DESIGNATIONS**

The plaintiffs will narrow the designations and email them to counsel. The court will address objections on Wednesday morning, September 30, 2015, at 8:00 a.m.

**IT IS SO ORDERED.**

Dated: September 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge